UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GILBERTO RICO                                              CIVIL ACTION

VERSUS                                                     No. 06-7459

ALLSTATE INSURANCE                                         SECTION "C"
COMPANY, ET AL

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Gilberto Rico ("Rico") (Rec. Doc. 7), in which he claims that his insurance agent, Byron Breard ("Breard"), was not fraudulently joined. Defendant, the Allstate Insurance Company ("Allstate"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Rico's Motion to Remand is **GRANTED**.

### I. BACKGROUND

Rico owns the residence at 2513 Amy Drive, Laplace, Louisiana. This property was covered by homeowner's insurance issued by Allstate through insurance agent, Breard  The property was damaged during Hurricane Katriana. When Rico tried make a claim on his insurance policy, he discovered that he did not have the coverage that he believed he had. Thus, he instituted this suit in the 40th Judicial District Court for the Parish of St. John the Baptist, State

of Louisiana. Allstate then removed the action to this Court alleging diversity jurisdiction. According to Allstate, Breard, and other Louisiana defendants, were fraudulently joined so as to prevent removal. Rico now seeks remand, arguing that Breared was not fraudulent joined.

## II. ANALYSIS

### A. FRAUDULENT JOINDER

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland*

*Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the

3

propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

In its Notice of Removal (Rec. Doc. 1), Allstate claims that Rico does not have any claims against Breard for which relief can be granted. First, it argues that any claims against Breard are perempted by Louisiana Revised Statute § 9:5606. Next, it asserts that Breard did not owe a duty to Rico to independently identify his insurance needs. Finally, Allstate argues that Breard is improperly joined because any claims against Allstate sound in contract and those against Breard lie in tort.

Rico asserts that Breard was not fraudulently joined. He argues that the allegations against Breard in his state court petition allege a cause of action against the insurance agent under Louisiana law. Specifically, he claims that Breard breached a duty to properly advise him on his insurance coverage. He alleges that, "within the last year, [he] has conversed with [Breard] regarding [the] limits[] [and] scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes [to his policy]."

### 1. PEREMPTION

Allstate alleges that the claims against Breard are perempted under the one year peremption provided by Louisiana Revised Statute § 9:5606.[1]  It claims that Rico originally

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise,

purchased the insurance policy in question through Breard in 2004 and alleges that Rico is complaining about policy terms that were in place in the original policy issued in 2004. See, Rec. Doc. 11. As a result, Allstate argues that Breard did not commit and action, omission or negligence within the one year peremption period, so Rico's claims are perempted.

Rico filed suit on August 29, 2006. He did not actually know about Breard's alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Allstate denied his claims. These dates show that Rico filed suit within one year of when he actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Rico should have discovered the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). Rico alleges that Breard "held itself (sic) out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage." Rec. Doc. 1. As a result, Rico claims that Breard is liable to the for gaps in his insurance coverage. Arguably, Rico could have discovered any gaps in his insurance coverage by carefully reading the policy. At the same time, without further factual development, the Court cannot determine whether Rico was lulled into complacency by representations made

---

arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

by Breard. The facts may disclose that Rico's reliance was well-founded, regardless of the actual language of the policy, and that Rico therefore is excused from his failure to discover the problem earlier.

### 2. FIDUCIARY DUTY

Allstate also claims that Breard is improperly joined because Breard did not owe a fiduciary duty to Rico. Allstate argues that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

Rico suggests that Breard assumed such a greater duty. As mentioned above, he claims that Breard held himself out as having expertise in analyzing and procuring insurance coverage. He also claims that he discussed the limits and scope of his coverage with Breard within the last year. These allegations are sufficient to suggest that the Breard assumed a greater duty than merely procuring insurance. Accordingly, the Court finds that Allstate has not established that

there is no reasonable basis for Rico's claims against Breard.

### 3. Misjoinder of Parties

Alternatively, Allstate argues that Breard was improperly joined because the actions against Breard sound in tort while the claims against Allstate lie in contract. This Court has held that where one plaintiff is suing an insurance company and the insurance agent, there is a reason connection between the claims and the parties.  See, *Southern Athletic Club, LLC,* 2006 WL 2583406 at *4; *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562 (E.D.La.) (J. Berrigan).   This case is similar to those in that the lone plaintiff, is suing his insurance company and insurance agent.  All of the claims arise out of Rico's insurance coverage or lack thereof. Therefore, the parties are not fraudulently misjoined and diversity jurisdiction is lacking.[2]

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Romero's Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana this 22nd day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Allstate also argued that Price Roofing, another Louisiana defendant, as misjoined.  The Court declines to comment on this issue.  The presence of one properly joined non-diverse defendant, i.e. Breard, defeats diversity jurisdiction.  Thus, any other questions on joinder are left for the state court to decide.